UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JFMT PROPERTIES, LLC, § | SA:17-CV-859-DAE |
| Plaintiff, § | |
| vs. § | |
| WESTERN HERITAGE INSURANCE § COMPANY, and ADAM CABRERA, § | |
| Defendants. § | |

### ORDER GRANTING MOTION TO REMAND

Before the Court is Plaintiff JFMT Properties, LLC's Opposed Motion to Remand. (Dkt. # 3.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of, and in opposition to, the motion, the Court, for the reasons that follow, **GRANTS** the motion.

### BACKGROUND

Plaintiff's state court petition alleges that it is the owner of an office building located at 8026 Vantage Drive, San Antonio, Texas 78230 ("the Building"). (Dkt. # 1-4 at 5.) The Building is insured under an insurance policy ("the Policy") issued by Defendant Western Heritage Insurance Company

("Western Heritage").  (Id.)  According to Plaintiff, on April 12, 2016, a wind and hail storm caused damage to the Building.  (Id.)  On December 1, 2016, Plaintiff made a claim on the Building with Western Heritage.  (Id.)  On December 15, 2016, Defendant Adam Cabrera, an independent insurance adjuster, as well as Plaintiff's own roof consultant inspected the Building.  (Dkt. # 1-4 at 5.)  On December 22, 2016, Plaintiff contends that Cabrera prepared an estimate for damages to the Building, but that the estimate failed to address all damage to the Building.  (Dkt. # 3 at 3.)  Subsequent to Plaintiff's own roof consultant's findings, Cabrera prepared a revised estimate on March 22, 2017, which Plaintiff contends still did not address all necessary repairs to the Building.  (Id. at 4.)

On July 28, 2017, Plaintiff filed suit in the 407th Judicial District Court of Bexar County, Texas.  (Dkt. # 1-4.)  Plaintiff's state court petition alleges claims against Western Heritage for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act ("DTPA"), and breach of the common law duty of good faith and fair dealing.  (Dkt. # 1-4.)  Plaintiff also alleges claims against Cabrera, as the in-state insurance adjuster, for violations of Chapters 541 and 542 of the Texas Insurance Code and for DTPA violations.  (Id.)

On September 6, 2017, Western Heritage timely removed the action to this Court on the basis of diversity jurisdiction. (Dkt. # 1.) Western Heritage's Notice of Removal alleged that Cabrera was improperly joined to defeat diversity jurisdiction. (Id. at 4.) On September 13, 2017, Plaintiff filed the instant motion to remand this action back to state court. (Dkt. # 3.) On October 2, 2017, Western Heritage filed a late response in opposition to Plaintiff's motion. (Dkt. # 5.)

## APPLICABLE LAW

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a); Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).  Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).

## DISCUSSION

Plaintiff moves to remand this action on the basis that it has properly pled an action in state court and that Western Heritage's contention in its Notice of Removal that Cabrera was improperly joined is without merit.  (Dkt. # 3 at 2.)  To determine if an improper joinder has occurred, the Court must consider whether Plaintiff has stated a valid state law cause of action against Cabrera.  "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery"; instead, "the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court."  Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original).  A "mere theoretical possibility of recovery under local

4

law" is not enough.  Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000); accord Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003).

The Fifth Circuit has held that a court may conduct a Rule 12(b)(6) analysis when determining whether there is a reasonable basis for recovery against an in-state defendant.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992 (2005).  Under this analysis, the Court may examine the allegations in the complaint to determine whether they state a claim under state law against the in-state defendant; the Court may also decide to conduct a summary inquiry after examining the pleadings.  Id. at 573–74.  Generally, if the pleadings survive a Rule 12(b)(6) analysis, then there is no improper joinder.  Guillory v. PPG Indus., Inc., 434 F.3d 303, 309 (5th Cir. 2005).  The state-court petition filed when the case is removed controls the analysis.  Bell v. Thornburg, 743 F.3d 84, 85–86 (5th Cir. 2014) (per curiam).

In determining whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint.  Campbell v. Stone Ins., Inc., 509 F.3d 665, 668–69 n.2 (5th Cir. 2007).  The district court must resolve all factual disputes and ambiguities in favor of the plaintiff.  McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004).  If the record reveals a reasonable basis for recovery on any single cause of action, a court must remand the entire suit to

state court. Gray, 390 F.3d at 412 (presence of unavailing claims does not defect remand); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636, 638 (5th Cir. 2004).

Among others, Plaintiff's petition alleges that Cabrera, as an individual adjuster, violated multiple sections of Chapter 541.060 of the Texas Insurance Code, as Cabrera's conduct allegedly constituted unfair settlement practices. (Dkt. # 1-4 at 14.) Texas law recognizes suits against adjusters in their individual capacities under the Texas Insurance Code, see Tex. Ins. Code Ann. § 541.002(2), and the Texas Supreme Court has "specifically held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" Centaurus Unity v. Lexington Ins. Co., 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (quoting Vail v. Texas Farm Bureau Mut. Ins. Co., 754 S.W.2d 129, 132 (Tex. 1998)). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance and is subject to the Texas Insurance Code. Id. (citing Gasch v. Hartford Indem. Co., 491 F.3d 278, 282 (5th Cir. 2007)). Moreover, the Fifth Circuit has held that independent adjusters may be found liable. Id. (collecting cases holding that individual adjusters are subject to the Texas Insurance Code).

Because Texas law recognizes claims against adjusters like Cabrera in their individual capacities, the relevant inquiry is whether Plaintiff has properly stated a claim against Cabrera for his conduct as an individual adjuster. In making

this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Cabrera, the non-diverse, in-state defendant, for violations of Chapter 541 and 542 of the Texas Insurance Code.  See Smallwood, 385 F.3d at 573.

   The Court finds that Plaintiff has pled a potentially valid claim for relief against Cabrera under the Texas Insurance Code.  Plaintiff's state court petition identifies Cabrera as the insurance adjuster and specifically alleges that he violated § 541.060 and § 542.055.  By alleging that Cabrera performed specific acts, including conducting a substandard investigation, misrepresenting material facts, and undervaluing the damages he observed during the inspection, all of which led to the alleged underpayment of Plaintiff's claim, Plaintiff has sufficiently stated a claim that Cabrera misrepresented the amount of damage to the Building, a material fact related to the coverage at issue.  Furthermore, Plaintiff's allegations against Cabrera clearly distinguish between Cabrera and Western Heritage, leaving no question that Cabrera, rather than Western Heritage, allegedly performed these acts.

   Accordingly, because Plaintiff has asserted a potentially valid claim against Cabrera, Cabrera has been properly joined.  Cabrera's status as a Texas citizen for purposes of 28 U.S.C. § 1332 destroys diversity jurisdiction and requires the Court to remand the action.  See 28 U.S.C. § 1447(c).

CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** the case to the 407th Judicial District Court of Bexar County, Texas. (Dkt. # 3.)

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, October 18, 2017.

_____
David Alan Ezra
Senior United States Distict Judge